ANDERSON v. JORDAN, *Sheriff, et al.*

1. In an action to recover the value of cattle taken under execution from the possession of the judgment debtor, after such debtor had testified that the cattle taken belonged to plaintiff, and were marked with tar before being delivered to witness to be kept for a week or two unless sooner sold, he was asked as to his custom in regard to branding cat-

tle that he had purchased before taking them home. *Held,* that defendant's objection to such question was properly sustained.

2.  Where an answer of a witness is not responsive to the question, and an objection thereto is sustained, but the answer is not stricken out or withdrawn from the jury, an assignment of error with reference thereto will not be considered.

3.  Where, in an action to recover the value of cattle taken under execution from the possession of the judgment debtor, it is conclusively shown that all the cattle on the debtor's ranch had his brand, except those taken, the fact that such debtor was not permitted to answer whether he had a brand for his cattle did not prejudice plaintiff.

4.  In an action to recover the value of cattle taken under execution from the possession of the judgment debtor, who testified that he was keeping them for plaintiff, the testimony of a grain dealer, who knew nothing of the transaction, as to whether he sold hay to such debtor about that time, which was charged to plaintiff, was properly excluded.

5.  In an action to recover the value of cattle taken under execution from the possession of the judgment debtor, where the defendant sheriff has testified on cross-examination that he took the cattle which were not branded because there was a chattel mortgage on those that were branded, it was not error to permit him to repeat this testimony on redirect examination.

(Opinion filed March 1, 1902.)

Appeal from circuit court, Brule county. HON. FRANK B. SMITH, Judge.

Action by John Q. Anderson against C. H. Jordan, as sheriff of Brule county, and others. From a judgment for defendants, and from an order refusing a new trial, plaintiff appeals. Affirmed.

*T. J. Spangler* and *S. H. Wright,* for appellant.

*James Brown,* for respondents.

FULLER, J. Claiming to be the owner of certain cattle seized and sold under an execution as the property of George Wright, a judgment debtor, plaintiff brought this action against the sheriff

and his sureties to recover their value, and now appeals from a judgment dismissing the action, with costs, and from an order overruling a motion for a new trial.

At all times essential to this action, appellant was a cattle dealer in Chamberlain, and owned the cattle in controversy a short time prior to the levy and sale. The jury having found, from testimony sharply conflicting, that appellant sold and delivered the cattle to Wright, from the actual possession of whom they were taken, certain assignments of error relating to the court's rulings on questions of evidence is all that this appeal presents for review. After the witness Wright, at whose ranch the cattle were found, mixed with cattle of his brand, had testified, in corroboration of appellant, that the cattle belonged to the latter, and for the purpose of identification were marked with tar before being delivered to him, under an agreement that they were to be kept for a week or two at appellant's expense unless a satisfactory purchaser could sooner be found, he was asked to state his custom in regard to branding cattle that he had purchased before taking them home. That the cattle seized by the respondent sheriff as the property of the witness Wright were unbranded is conceded, and his individual custom with reference to the place where he usually branded cattle was not material. The community not being chargeable with knowledge of the usages of an individual in his private business, the seizure of the cattle is justified, if they belonged to Wright, and his custom with reference to branding is without import. It being clearly shown that the cattle taken by the sheriff from the premises of Wright were not branded, while those with which they were found mixed were branded, the sustaining of an objection to the introduction of testimony relating to the custom of the witness was most certainly proper.

To the question, "Did you mix these cattle up with your cattle

when they were taken to your ranch?" the witness replied, "I told the boys not to mix them up." Although this answer is not responsive, and the respondents' objection thereto was sustained after such testimony was given, it was neither stricken from the record or withdrawn from the jury, and the assignment of error with reference thereto requires no further notice.

It being conclusively shown by the undisputed testimony that Wright had a brand of his own, which had been placed on the cattle at his ranch, with the exception of those seized by the sheriff, appellant was not prejudiced by the action of the court in sustaining an objection to the further question propounded to the witness Wright as follows · "I will ask you to state whether you have a brand for your cattle?"

Mr. Babcock, a grain dealer, was asked by counsel for appellant whether he had sold certain hay in the month of March, 1898, to Mr. Wright, which was charged to Mr. Anderson, and the ruling of the trial court in sustaining an objection to such question is assigned as error. It being clearly shown that all this witness purported to know about the transaction was immaterial, hearsay in character, and of no probative force, it was entirely proper to exclude the same. Moreover, counsel were permitted to show, without objection, and by the only witness having any personal knowledge of the matter, that the hay was delivered to Wright by a person in the employ of Mr. Babcock, between the 9th and the 26th day of March, 1898, and that the bill therefor was presented to and paid by appellant. The answer to another question propounded to this witness, relative to the delivery of some hides by Wright to Babcock, was excluded, probably for the reason that no foundation had been laid, and, in view of the fact that appellant himself was permitted thereafter to state all the particulars with reference to

the loss of two calves while the same were in the possession of Wright, and as to the sale of their hides by Wright to Babcock, from whom appellant afterward received their value, leaves nothing with reference to the point of which there is any just ground for complaint.

In response to questions propounded by counsel for appellant, the sheriff testified on cross-examination in part as follows: "These cattle were mixed up with Mr. Wright's cattle at the ranch, but they had a tar mark on them. Wright's cattle were branded. I couldn't say what brand. I know there was a 'G' on some of them; I know they had a brand on. I picked out those that had a tar mark and levied upon them. I didn't levy upon any that were branded with Mr. Wright's brand. That was my instructions from Mr. Gerin and Mr. Brown—not to levy on any with Wright's brand. * * * Mr. Brown said there was a mortgage on them. * * * They wanted me to get possession of Mr. Wright's cattle when I did levy upon property. * * * My main object was to find out whether they were Wright's cattle or Anderson's cattle." After being called upon by counsel for appellant to state his reasons for confining the levy to unbranded cattle, they were not in a position to complain of the following question and answer thus elicited on redirect examination: "Mr. Jordan, you may state to the best of your recollection what was the reason you levied upon the cattle you did on the occasion you made the levy, and not upon the other cattle that were left there on George Wright's place that you didn't levy on. A. Because on those cattle that were levied upon there was no mortgage upon record, and as I have stated heretofore there was a mortgage upon those cattle that the brand was on."

Certified copies of the judgment, and an order of court author-

izing execution to issue thereon, together with certain other exhibits relating thereto, and upon which the sheriff justified the seizure, were offered and received in evidence over the objection of counsel for appellant to the effect that such documents do not affirmatively appear to have been filed and entered in the office of the clerk of courts; but, in view of a stipulation contained in the record, as well as the plain recitals of the exhibits complained of, and the presumption that the sheriff returned his execution within the required time, the contention is neither sustained by the law nor the facts.

The remaining assignments of error, all of which have been carefully examined, are so perceptibly without merit, according to universalized principles, that we deem it useless to give each a separate notice. As the ownership of the cattle is the principal question in the case, and the one which the jury after a fair trial has settled in a manner that cannot be questioned in this court, the judgment appealed from is affirmed.